# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY SCOTT DEPENBROCK, | |
|     *Petitioner*, | 2:12-cv-01327-JCM-CWH |
| vs. | |
| | ORDER |
| D.W. NEVEN, *et al.*, | |
|     *Respondents*. | |

    This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's motion (#2) for appointment of counsel and for initial review of the petition. The filing fee has been paid.

    On the motion for counsel, a federal constitutional right to appointment of counsel does not apply in federal habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

    Having reviewed the petition and the motion for counsel, the Court does not find that the interests of justice require that counsel be appointed.

From a preliminary review, it does not appear at this juncture that an evidentiary hearing and/or extensive discovery, with accompanying appointment of counsel, will be required to resolve the issues presented. Petitioner in his filings has demonstrated an adequate ability to articulate his position at the very least with the assistance available to him, and he refers to no alleged impediment other than being untrained in the law. While most any lay litigant would be better served by the appointment of counsel, that is not the standard for appointment. In many of petitioner's claims, he alleges that counsel in a number of proceedings failed to follow his instructions as to how to proceed. It therefore would appear that he has some ability to identify potential legal issues that he believes should be pursued.

Nothing in the motion leads to a contrary finding by the court. Petitioner alleges that he has only limited direct physical access to the High Desert State Prison law library, that inmate law clerks prepared the papers filed herein, that he would have to take a day off from his prison job to go to the law library, and that there are delays and other issues regarding legal mail at the prison. The right of access to the courts does not require either unlimited direct physical access to a prison law library or that an inmate be provided active legal assistance from an inmate law clerk to prepare filings for him. *See, e.g., Felix v. McDaniel*, 2012 WL 666742, at *5-9 (D.Nev., Feb. 29, 2012). Neither unlimited direct physical access to a prison law library nor the active assistance of inmate law clerks is necessary to prepare and litigate a federal habeas petition presenting federal constitutional claims previously raised in the state courts. In the main, federal habeas petitions are both prepared and litigated by lay inmates proceeding in proper person. If petitioner is experiencing a conflict in time and scheduling demands between pursuing federal habeas relief and employment, he will need to determine what has the highest priority for him in resolving any such alleged conflict. The court will not appoint counsel to relieve petitioner from having to make choices between competing demands and goals like individuals must make in the free world. If petitioner encounters any mailing delays or difficulties in this matter, the court will take that into account in scheduling and setting and extending deadlines.

The motion for appointment of counsel therefore will be denied.

1    Turning to initial review, petitioner asserts numerous times in the original petition that
2 he had been unable to obtain all of his files from former counsel when he prepared the
3 petition.  He requests that he be allowed to amend the petition after obtaining the files.  The
4 court will give petitioner an opportunity to file an amended petition.  The court expresses no
5 opinion as to any relation back or other timeliness issues at this juncture.
6    IT THEREFORE IS ORDERED that petitioner's motion (#2) for appointment of counsel
7 is DENIED.
8    IT FURTHER IS ORDERED that the clerk of court shall file the petition and that
9 petitioner shall have **sixty (60) days** to mail for filing an amended petition setting forth all of
10 his claims that he intends to pursue in this matter.  If he does not timely submit an amended
11 petition, the court will rescreen the original petition prior to directing further action in the case.
12    IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended
13 petition filed must be complete in itself without reference to previously filed papers or other
14 papers.  Thus, the claims and allegations that are stated in the amended petition will be the
15 only matters remaining before the court.  Any claims or allegations that are left out of the
16 amended petition or that are not re-alleged in the amended petition no longer will be before
17 the court.
18    IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as
19 an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ
20 of Habeas Corpus" on page 1 in the caption and shall place the docket number,
21 **2:12-cv-01327-JCM-CWH**, above the word "AMENDED."
22    The clerk shall SEND petitioner a copy of the petition and counsel motion (#2) with this
23 order.
24    DATED:  March 25, 2013.

_____
JAMES C. MAHAN
United States District Judge