1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8  JEFFREY S. DEPENBROCK,                        2:12-cv-01327-JCM-CWH

9          *Petitioner*,

10  vs.                                           ORDER

11

12  D.W. NEVEN, *et al.*,

13          *Respondents*.

14

15          This habeas matter comes before the court for initial review of the amended petition.

16          Following review, a response will be directed.  Some claims perhaps could be alleged

17  with more specificity, although petitioner maintains that he has not had access at one time or

18  another to all of the file materials.  Respondents of course may pursue any arguable defense,

19  including lack of sufficient specificity, in their response.  However, following screening of the

20  matter, it appears that the claims in ground 1 perhaps may be as readily addressed on the

21  merits based on the record presented to the state supreme court and that grounds 2 and 3

22  perhaps may be as readily addressed on other procedural issues.  Respondents should

23  assume in responding that the court ultimately may not be inclined to dismiss claims herein

24  without prejudice for lack of specificity -- subject then to allowance of an opportunity for

25  amendment and further proceedings -- rather than instead addressing other issues.

26          IT THEREFORE IS ORDERED that respondents shall have **sixty (60) days** from entry

27  of this order within which to respond, including potentially by motion to dismiss, to the petition,

28  as amended.  **Any response filed shall comply with the remaining provisions below,**

1  **which are tailored to this particular case based upon the Court's screening of the**

2  **matter and which are entered pursuant to Habeas Rule 4.**

3       IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this

4  case shall be raised together in a single consolidated motion to dismiss.  In other words, the

5  court does not wish to address any procedural defenses raised herein either in *seriatum*

6  fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural

7  defenses omitted from such motion to dismiss will be subject to potential waiver.

8  Respondents shall not file a response in this case that consolidates their procedural

9  defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2)

10  as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of

11  unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to

12  dismiss, **not** in the answer; and (b) they shall specifically direct their argument to the standard

13  for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir.

14  2005).  In short, no procedural defenses, including exhaustion, shall be included with the

15  merits in an answer.  All procedural defenses, including exhaustion, instead must be raised

16  by motion to dismiss.

17       IT FURTHER IS ORDERED that, in any response on the merits, respondents shall

18  specifically cite to and address the applicable state court written decision and state court

19  record materials, if any, regarding each claim within the response as to that claim.

20       IT FURTHER IS ORDERED that, with their response, respondents shall file and serve

21  a single set of state record exhibits relevant to the response, in substantially chronological

22  order and indexed as discussed, *infra*.  **For this case, in relation to the exhaustion issue**

23  **as to ground 2, the state court record exhibits filed with the initial response shall**

24  **include sufficient materials from the appellate record in No. 57247 in the state supreme**

25  **court to reflect the counsel issue on that appeal and its disposition, any *pro se***

26  **submissions tendered and the court's handling thereof, the issue or issues ultimately**

27  **raised in the briefing by replacement state post-conviction appeal counsel, and the**

28  **state supreme court's order of affirmance**.

1    IT FURTHER IS ORDERED that all state court record exhibits filed herein shall be filed

2  with a separate index of exhibits identifying the exhibits by number.   The CM/ECF

3  attachments that are filed further shall be identified by the number or numbers of the exhibits

4  in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71.  The

5  purpose of this provision is so that the court and any reviewing court thereafter will be able

6  to quickly determine from the face of the electronic docket sheet which exhibits are filed in

7  which attachments.

8    IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all

9  exhibits filed to, for this case, the **Reno clerk's office**.

10    IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of

11  the answer, motion to dismiss, or other response to file a reply or opposition.  This provision

12  overrides any shorter deadline established in any subsequent minute entry herein under the

13  *Klingele* decision.

14    DATED:  April 21, 2014.

15

16

17                                                                                                  
   JAMES C. MAHAN
   United States District Judge

18

19

20

21

22

23

24

25

26

27

28

-3-