UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY S. DEPENBROCK,<br><br>　　　　　*Petitioner*,<br><br>vs.<br><br>D.W. NEVEN, *et al.*,<br><br>　　　　　*Respondents*. | Case No. 2:12-cv-01327-RFB-CWH<br><br>**ORDER** |

　　　This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#22) for an extension of time, in which he additionally seeks reconsideration of the Court's prior denial of his motion for appointment of counsel.

　　　On reconsideration, the Court is persuaded that appointment of counsel is in the interests of justice. *Inter alia*, subsequent to the prior denial of counsel, petitioner has been placed in disciplinary segregation with only "paging system" access to the prison law library. The Court echoes the concerns reflected previously in *Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007), regarding the difficulties faced by petitioners generally seeking to pursue a habeas matter with only paging system access to prison legal resources. The Court further echoes Judge Reed's statement therein that the Court "will view the presence of similar limitations on access to legal resources as a strong factor weighing in favor of appointment of counsel in other habeas cases before this Court that present nonfrivolous claims and that potentially may proceed to service of the petition." 508 F.Supp.2d at 861-62. The Court additionally notes the substantial sentence of a minimum ten years to life and the complexity of the potential procedural and substantive issues in the case.

IT THEREFORE IS ORDERED that petitioner's motion (#22) for an extension of time is GRANTED as per the remaining provisions of this order.

IT FURTHER IS ORDERED that, on reconsideration, petitioner's prior motion (#2) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for one hundred twenty (120) days following the formal order of appointment.

IT FURTHER IS ORDERED that respondents' motion (#15) to dismiss is DENIED without prejudice to reassertion of all then applicable defenses following the filing of a counseled amended petition. The denial of the motion to dismiss eliminates the need for a specific extension of petitioner's time to file a response to the motion.

IT FURTHER IS ORDERED, as previously directed herein, that counsel shall send a hard copy of all exhibits filed, for this case, to the **Reno Clerk's Office**.

The Clerk accordingly shall SEND a copy of this order to both the *pro se* petitioner and the Federal Public Defender over in addition to the standard notice of electronic filing to respondents. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to the Federal Public Defender.

DATED: September 23, 2014.

_____
RICHARD F. BOULWARE, II
United States District Judge