# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEFFREY SCOTT DEPENBROCK, *et al.*,   )
                                            )
              Petitioner,            )
                                            )
    v.                                  )
                                            )
D.W. NEVEN,                      )
                *et al.*,               )
                                            )
             Respondents.      )
_____ )

No. 2:12-cv-01327-RFB-CWH

**ORDER**

        This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. On September 23, 2014, upon reconsideration, the court granted petitioner's motion for appointment of counsel, denied respondents' motion to dismiss without prejudice, and provisionally appointed the Federal Public Defender as counsel for petitioner. ECF No. 23. Respondents now seek reconsideration of that order. ECF No. 24. The Federal Public Defender filed a notice of appearance on October 1, 2014. ECF No. 27. Petitioner, through counsel, opposed reconsideration of the order granting the motion to appoint counsel, ECF No. 28, and respondents replied, ECF No. 30.

        Respondents seek reconsideration of the Court's interlocutory order. The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir.2001) (citation and internal quotation marks omitted) (emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." Id. at 887.

In evaluating motions to reconsider interlocutory orders, the District of Nevada has used the standard for a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. See, e.g., Depasquale v. Nevada, No. 3:11-cv-00191-LRH-WGC, 2012 WL 3638760, at *1 (D. Nev. Aug. 22, 2012); Henry v. Rizzolo, No. 2:08–cv–00635–PMP–GWF, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010) (quoting Evans v. Inmate Calling Solutions, No. 3:08–cv–00353–RCJ–VPC, 2010 WL 1727841, at *1–2 (D. Nev. Apr. 27, 2010)). "A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." Evans, 2010 WL 1727841, at *2 (citing Frasure v. U.S., 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Rizzolo, 2010 WL 3636278, at *1 (quoting United States Aviation Underwriters v. Wesair, LLC, No. 2:08–cv–00891–PMP–LRL, 2010 WL 1462707, at *2 (D. Nev. Apr. 12, 2010) (internal citation omitted)).

In the Order of September 23, 2014, upon reconsideration, the Court granted petitioner's motion for appointment of counsel. ECF No. 23. The Court specifically noted petitioner's subsequent placement in disciplinary segregation with only "paging system" access to the law library, that he is serving a substantial sentence, and that the potential procedural and substantive issues in this case are complex. Id. at 1. Respondents have failed to make an adequate showing that this Court's Order granting reconsideration, appointing counsel and denying the motion to dismiss without prejudice should be reversed.

The Court also sets a schedule for further proceedings in this action below.

**IT IS THEREFORE ORDERED** that respondents' Motion for Reconsideration of Order on Motion to Dismiss (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion to Reconsider Order on Motion to Appoint Counsel (ECF No. 26) and respondents' Motion for Extension of Time (ECF No. 29) are both **DENIED** as moot.

**IT IS FURTHER ORDERED** that counsel for petitioner shall meet with petitioner as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time in this action and that the failure to do so will likely result in any omitted grounds being barred from future review.

**IT IS FURTHER ORDERED** that petitioner shall have one hundred twenty (120) days from the date of this order to FILE AND SERVE on respondents an amended petition for writ of habeas corpus, which shall include all known grounds for relief (both exhausted and unexhausted).

**IT IS FURTHER ORDERED** that respondents shall have thirty (30) days after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If petitioner does not file an amended petition, respondents shall have thirty (30) days from the date on which the amended petition is due within which to answer, or otherwise respond to, petitioner's original petition.

**IT IS FURTHER ORDERED** that if and when respondents file an answer, petitioner shall have thirty (30) days after service of the answer to file and serve a reply.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by the parties herein shall be filed with an index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed shall further be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.

DATED this 13th day of January, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**